**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jose Reyes Reyes, Appellant.

Appellate Case No. 2016-002544

---

Appeal From Pickens County
Perry H. Gravely, Circuit Court Judge

---

Unpublished Opinion No. 2019-UP-214
Submitted April 2, 2019 – Filed June 12, 2019

---

**AFFIRMED**

---

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior Assistant Deputy Attorney General William M. Blitch, Jr., and Assistant Attorney General Vann Henry Gunter, Jr., all of Columbia; and Solicitor William Walter Wilkins, III, of Greenville, all for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Bryant*, 372 S.C. 305, 312, 642 S.E.2d 582, 586 (2007) ("The

conduct of a criminal trial is left largely to the sound discretion of the trial [court, which] will not be reversed in the absence of a prejudicial abuse of discretion."); *id.* ("An abuse of discretion occurs when a trial court's decision is unsupported by evidence or controlled by an error of law."); *State v. Kelly*, 343 S.C. 350, 368-69, 540 S.E.2d 851, 860 (2001) ("Vouching constitutes an assurance by the prosecuting attorney of the credibility of a [g]overnment witness through personal knowledge or by other information outside of the testimony before the jury. . . . A prosecutor's vouching for the credibility of a government witness raises two concerns: (1) such comments can convey the impression that evidence not presented to the jury but known to the prosecutor, supports the charges against the defendant and can thus jeopardize the defendant's right to be tried solely on the basis of the evidence presented to the jury; and (2) the prosecutor's opinion carries with it the imprimatur of the [g]overnment and may induce the jury to trust the [g]overnment's judgment rather than its own view of the evidence." (omission by court) (quoting *United States v. Walker*, 155 F.3d 180, 184 (3d Cir. 1998))), *rev'd on other grounds*, 534 U.S. 246 (2002).

**AFFIRMED.**[1]

**HUFF, THOMAS, and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.